UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGELIO TAPIA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL LAGANA, et al.,<br><br>　　　　Respondents. | Civil Action No. 13-3624 (FLW)<br><br><br>OPINION |

**WOLFSON, United States District Judge:**

## I.　　INTRODUCTION

This matter has been opened by *pro se* Petitioner Rogelio Tapia ("Petitioner") on a Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  For the reasons explained in the foregoing Opinion, the Court finds that the Petition is untimely under the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") and denies a certificate of appealability.

## II.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court addresses only the facts that are relevant to this Opinion.  Following a jury trial in state court, Petitioner was found guilty of kidnapping and related charges and was sentenced by the trial court on July 18, 2003, to an aggregate sentence of fifteen years, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act ("NERA").[1]  (*See* ECF No. 7-13, Ex. 10 at pg. 29.)  Petitioner appealed, and, on June 9, 2005, the Appellate Division affirmed Petitioner's conviction and sentence in an unpublished opinion.

---

[1] Petitioner was tried with two codefendants, Eduardo and Miguel Tapia.

1

(ECF No. 7-15.)  On October 7, 2005, the Supreme Court of New Jersey denied Petitioner's petition for certification.  *See State v. Tapia*, 185 N.J. 295 (2005).

On February 6, 2006, Petitioner filed his first petition for post-conviction relief ("first PCR") in the Superior Court of New Jersey, Law Division.  (ECF No. 7-19, 7-17, Ex. 16, 17.) On January 26, 2007, the PCR Court denied petitioner's first PCR petition without an evidentiary hearing. (*See* ECF No. 7-24; 7-25, Ex. 21-22.)  Petitioner appealed, and, on January 20, 2009, the Appellate Division, in an unpublished opinion, affirmed the trial court's order denying Petitioner's first petition for PCR.  (ECF No. 7-29, Ex. 26.)  On May 8, 2009, the Supreme Court of New Jersey denied Petitioner's petition for certification.  *See State v. Tapia*, 199 N.J. 516 (2009).)

On June 15, 2009, Petitioner filed his second petition for PCR in the Superior Court of New Jersey, Law Division.  (ECF No. 7-36, Ex. 33.)  On March 11, 2010, the PCR court dismissed Petitioner's second petition for PCR without an evidentiary hearing. (ECF No. 7-38, Ex. 35, at pg. 15.)   The PCR court found that Petitioner's second PCR petition was time barred pursuant to N.J. Court  Rule 3:22-12 because it had been filed more than one year after the expiration of the five-year limitations period, (see *id.* at pg. 9-11);  the PCR court also found that the Petition was procedurally barred pursuant to N.J. Court Rule  3:22-4 because all of Petitioner's claims were based upon occurrences at trial and were known to petitioner in time to be raised on direct appeal or in his first petition for PCR (*see id.* at pg. 11-12); finally the PCR court found that the Second Petition was substantively meritless because Petitioner's allegations failed to establish a *prima facie* case of ineffective assistance of counsel under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (*see id.* at Ex. 35, at pg. 12-15).

Petitioner appealed, and the Appellate Division affirmed the dismissal of the Second PCR as follows:

> We have considered defendant's arguments and the applicable law, and we conclude that the arguments advanced by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(2). We affirm substantially for the reasons expressed by [the PCR Court] in [its] March 11, 2010 opinion. We add the following comments. Defendant's PCR petition, filed six years after the judgment of conviction without any claim of excusable neglect, is clearly time-barred. R. 3:22–12. We also agree with the trial judge that the present claims are barred by Rule 3:22–4 as they could have been raised either on direct appeal or in defendant's previous PCR petition. Moreover, in order to obtain relief on an ineffective assistance of counsel claim, a defendant must show both that his counsel's performance was deficient and that counsel's performance prejudiced his defense. *State v. Fritz*, 105 N.J. 42, 58 (1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L. Ed.2d 674, 693 (1984)). We are in accord with [the PCR Court] that defendant offered nothing more than bald assertions of ineffective assistance. *See state v. Cummings*, 321 N.J. Super. 154, 170 (App. Div.), *certif. denied*, 162 N .J. 199 (1999).

*State v. Tapia*, No. A-5130-09T4, 2012 WL 3263707, at *3 (N.J. Super. Ct. App. Div. Aug. 13, 2012) (*See* also ECF No. 7-38, Ex. 38 at pg. 5-7.) Petitioner's petition for certification was denied by the New Jersey Supreme Court on March 13, 2013. *State v. Tapia*, 213 N.J. 388 (2013).

Petitioner's habeas petition is dated June 6, 2012; however, it was docketed with this Court on June 6, 2013. (ECF No. 1, Pet. at 10.) His cover letter to the Court lists the date as May 6, 20134 [sic].[2] On July 11, 2013, The Court issued an Order advising Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (ECF No. 3.) Petitioner did not respond to the Order. On February 27, 2014, the Court issued an Order directing the State to answer the Petition. (ECF No. 4.) On April 4, 2014, the State filed its Answer, including the relevant record,

---

[2] The Court notes these discrepancies in the dates, but the discrepancies do not affect the timeliness analysis.

3

and argued in its accompanying brief that the Petition should be dismissed as untimely and on its merits. (ECF No. 7; *see also id.* at 7-1, Br. at 13-15.) Petitioner did not file a reply or otherwise respond to the State's arguments that his Petition is untimely.[3]

### III.   ANALYSIS

#### a. The Petition is Untimely

Here, the threshold issue before the Court is whether the Petition is untimely. As explained below, the Court finds that the Petition is untimely under the one-year statute of limitation for the filing of federal habeas corpus petitions by state prisoners, and will dismiss the Petition on that basis.

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] It appears from the State of New Jersey Department of Corrections Offender Database that Petitioner was released from Northern State Prison on November 24, 2014. *See* https://www20.state.nj.us/DOC_Inmate/details?x=1274951&n=2. As such, it appears that Petitioner was still in prison when the State filed its Answer on April 4, 2014. At the time it filed its Answer, the State also submitted a certificate of service (ECF No. 7-3), indicating that the State mailed a copy of the Answer to Petitioner at Northern State Prison. There is nothing on the docket or in the record to suggest that Petitioner did not receive the State's Answer. Since his release from Northern State Prison, Petitioner has not contacted the Court or updated his address in compliance with L. Civ. R. 10.1. Typically, this deficiency would subject Petitioner to a dismissal of this case without prejudice. However, since this Court is dismissing this petitioner on the merits, I will not reach that issue here.

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending.[4] *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not

---

[4] In addition to statutory tolling, the courts have also recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id*. (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)). Mere excusable neglect is not sufficient. *Id.* Because Petitioner did not submit a reply to the State's Answer and has not raised or provided any factual basis for equitable tolling in his Petition, the Court does not consider equitable tolling in its statute of limitations analysis.

toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d) (2) for the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001).

In determining whether a petition is "properly filed" under the AEDPA, a federal court "must look to the state law governing when a petition for collateral relief is properly filed." *Douglas*, 359 F.3d 262 (citing *Fahy*, 240 F.3d at 243); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz*, 531 U.S. at 8 (citations omitted). An application is "properly" filed

> when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee .... In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally .... But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz*, 531 U.S. at 8–9 (citations omitted);

It is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2), and the petitioner is not entitled to statutory tolling under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)

("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).[5] This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002); *see also Tapia v. Hastings*, No. CIV.A 12-4725 FLW, 2012 WL 4754735, at *3 (D.N.J. Oct. 3, 2012) (explaining same.)

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on his direct appeal on October 7, 2005. *See State v. Tapia*, 185 N.J. 295 (2005). His direct review concluded and the limitations period began to run on January 5, 2006, when his time for petitioning for a writ of certiorari to the Supreme Court of the United States expired. *See Swartz*, 204 F.3d at 424. The limitations period ran until February 6, 2006, when it was tolled by the filing of Petitioner's first PCR. The first PCR remained pending until the New Jersey Supreme Court denied Petitioner's petition for certification on May 8, 2009. *See State v. Tapia*, 199 N.J. 516 (2009).

Petitioner filed a second PCR on June 22, 2009, but that second PCR was rejected by the PCR court, which found the second PCR to be time barred pursuant to N.J. Court Rule 3:22-12 because it had been filed more than one year after the expiration of the five-year limitations period. (*See* ECF No. 7-35, Ex. 35 at pp.9-11.) The PCR court also found that the second PCR

---

[5] In the absence of a "clear indication" by the state courts that a post-conviction relief petition is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006); accord *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013) ("But if a state court fails to rule clearly on the timeliness of an application, a federal court 'must ... determine what the state courts would have held in respect to timeliness.' ") (quoting *Evans*, 546 U.S. at 198)). Here, the Appellate Division clearly ruled that the Second PCR was untimely and procedurally barred.

was procedurally barred pursuant to N.J. Court Rule 3:22-4 (*see* id. at pg. 11-12), and that the second PCR was substantively meritless (see id. at Ex. 35, at pg. 12-15).  The Appellate Division subsequently affirmed the dismissal of the second PCR for the reasons expressed by the PCR court, stating that "Defendant's PCR petition, filed six years after the judgment of conviction without any claim of excusable neglect, is clearly time-barred" and "barred by Rule 3:22–4 as they could have been raised either on direct appeal or in defendant's previous PCR petition." *State v. Tapia*, No., 2012 WL 3263707, at *3 (citing N.J. Ct. R.  3:22–12).  Petitioner's petition for certification was denied by the New Jersey Supreme Court on March 13, 2013.  *State v. Tapia*, 213 N.J. 388 (2013).

A petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2) and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  *See Pace*, 544 U.S. at 414.  That the PCR court and Appellate Division also found in the alternative that Petitioner's claims in the second PCR were substantively meritless does not alter the Court's analysis.  *See Carey*, 536 U.S. at 225–26.  Because the state court rejected Petitioner's second PCR as untimely, his limitations period ran for more than three years, from the day after the New Jersey Supreme Court denied his petition for certification on his first PCR on May 9, 2009, until Petitioner filed the instant habeas petition on June 6, 2013.  The Court therefore dismisses the Petition as untimely under AEDPA's one-year statute of limitations.

    b.  **No Certificate of Appealability Shall Issue**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a

8

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, reasonable jurists would not find the Court's procedural ruling debatable.  Accordingly, no certificate of appealability shall issue.

## IV.    CONCLUSION

The Court dismisses the instant habeas Petition as untimely under AEDPA's one-year statute of limitations and denies a certificate of appealability.  An appropriate Order follows.


Dated: June 17, 2016

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge
